UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, | No. 2:18-cv-1252-TLN-EFB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S.A.V. TEXAS, LLC, a Delaware limited liability company dba Ramada by Wyndham, | |
| Defendant. | |

This case is before the court on plaintiff's motion for default judgment against defendant S.A.V. TEXAS, LLC.[1] ECF No. 9. For the reasons stated below, the motion should be granted.[2]

I. Background

Plaintiff initiated this action on May 16, 2018, alleging violations of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("CDPA") against defendant S.A.V. Texas, LLC. ECF No. 1. The docket reflects that on May 24, 2018, plaintiff served defendant's registered agent for service of process. ECF No. 4. Despite being properly served, defendant has not responded to the

---

[1] This case was referred to the assigned magistrate judge pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the motion and the matter was submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

complaint. Plaintiff requested entry of defendant's default, which the clerk entered on June 19, 2018. ECF Nos. 5, 6. Plaintiff now moves for default judgment, seeking $4,000 in statutory damages under the Unruh Act and $1,000 under the CDPA, as well as injunctive relief and attorney's fees and costs. ECF No. 9.

According to the complaint, plaintiff uses a wheelchair for mobility due to the loss of a leg. Compl. (ECF No. 1) ¶ 1. Defendant owns and operates a hotel named Ramada by Wyndham (the "hotel"), located at 1250 Halyard Drive, West Sacramento, California. *Id.* ¶ 2. The hotel is a place of public accommodation. *Id.* On May 13, 2018, plaintiff went to the hotel to book a room. *Id.* ¶ 11. When she pulled up outside the lobby, she found that the passenger loading zone did not have a marked aisle adjacent to the vehicle pull-up space as required by the ADA. *Id.*; *see* 2010 ADA Accessibility Guidelines ("ADAAG"), § 503 (requiring passenger loading zone to have an access aisle that is at least 60 inches wide and that extends the full length of the vehicle pull-up space). Because of the lack of an accessible passenger loading zone, plaintiff did not stay at the hotel. *Id.* ¶ 14.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary

standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

A. <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the

3

ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

The complaint alleges that plaintiff is an individual with a disability, defendant is the owner and operator of the hotel, and that plaintiff encountered an inaccessible passenger loading zone that was not compliant with the ADAAG. Plaintiff further alleges that the ability to provide a compliant loading zone is readily achievable. ECF No. 1 ¶ 22. Accepting these allegations as true, the merits of plaintiff's ADA claim and the sufficiency of the complaint weigh in favor of default judgment.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment. Defendant was served a copy of the summons and complaint, and plaintiff also sent defendant's agent for service of process a letter notifying him of plaintiff's intention to seek default judgment. ECF No. 4; ECF No. 9-2. Thus, it appears that defendant's failure to respond is not due to excusable neglect. The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as defendant has failed to respond to plaintiff's claims and without the entry of the judgment plaintiff will not be able to address the claims. Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).

Accordingly, plaintiff is entitled to default judgment on his ADA claim.

### B. Unruh Civil Rights Act and CDPA

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Significantly, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664 (2009). Likewise, a violation of the ADA also constitutes a violation of the CDPA. Cal. Civ. Code § 54.1(d); *see Pickern v. Best Western Timber Cove Lodge Marina*, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002) (observing that the CDPA was "amended to provide that a violation of the ADA constitutes a violation [its] provisions.").

Plaintiff's Unruh Act claim and CDPA claims are based on defendant's alleged violation of the ADA. ECF No. 1 ¶¶ 27, 33. Accordingly, plaintiff is also entitled is also entitled to default judgment on her Unruh Act and CDPA claims. The Unruh Act permits statutory damages in the amount of $4,000 for each occasion the plaintiff is denied equal access. Cal. Civ. Code § 52(a). The CDPA provides for statutory damages in the amount of $1,000. Cal. Civ. Code § 54.3. Accordingly, plaintiff is entitled to the $5,000 in statutory damages she seeks.

### C. Attorney's Fees and Costs

Plaintiff also requests attorney's fees and costs. ECF No. 9 at 14-15. Plaintiff requests $400.00 in costs for the filing fee, which the court finds reasonable.

Plaintiff also seeks $3,600 in attorney's fees. In determining the reasonableness of attorney's fees, the Ninth Circuit uses the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In applying the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*. Plaintiff's counsel, Peter Strojnik, indicates that he spent 4.8 hours on this case and that his

/////

hourly billing rate is $750.  Decl. of Peter Strojnik (ECF No. 9-1) ¶¶ 5-6.  He further states that has been practicing law for 11 years.  *Id*. ¶ 3.

Although the court finds that the number of hours expended in handling this matter is reasonable, the hourly rate of $750 is excessive.  Recently, courts in this district have found that an hourly rate of $250 is appropriate for work performed by Mr. Strojnik.  *See Brook v. C & S Chong Investment Corporation*, 1:17-cv-1583 LJO JLT, 2018 WL 1704628, at *8 (E.D. Cal. Apr. 9, 2018) (rejecting Mr. Strojnik's argument that his experience and expertise warranted a rate of $750 given his repeated failure "to establish standing on behalf of his clients—a fundamental issue in ADA cases—" in numerous cases, and finding an hourly rate of $250 appropriate); *Brooke v. Patel*, 1:18-cv-444-LJO-SAB, 2018 WL 3414144 (finding $250 is a reasonable "hourly rate for Mr. Strojnik based upon his experience of 11 years litigating civil rights cases, with a primary focus in ADA litigation.").  The court finds these cases persuasive.  Accordingly, plaintiff is entitled to receive $1,200 (4.8 x $250) in attorney's fees.

III.    Conclusion

For the reasons state above, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 9) be granted;

2. Plaintiff be awarded statutory damages in the amount of $5,000.

3. Plaintiff be granted an injunction requiring defendant to provide an accessible passenger loading zone; and

4. Plaintiff be awarded costs and attorney's fees in the amount of $1,600.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE